**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>UNITED PARCEL SERVICE, INC., an Ohio Corporation, and DOES 1 THROUGH 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>NICOLE JARCZEWSKI, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JAN 1 8 2019<br><br>BY _____<br>MELISSA WHITE, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN BERNARDINO<br>247 West Third Street<br>San Bernardino, 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):* CIVDS1901764 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | JAN 1 8 2019 | Clerk, by ___Melissa White___<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Parcel Service, Inc. an Ohio Corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Copy

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc. |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David P. Myers (SBN 206137); John M. Tomberlin, Jr. (SBN 310345)
THE MYERS LAW GROUP, APC
9327 Fairway View Place. Ste. 100,  Rancho Cucamonga, CA  91730

TELEPHONE NO: 909-919-2027       FAX NO: 888-375-2102
ATTORNEY FOR *(Name):* Plaintiff NICOLE JARCZEWSKI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: Civil Division

CASE NAME: NICOLE JARCZEWSKI v. UNITED PARCEL SERVICE, INC.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 8 2019

BY _____
MELISSA WHITE, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1901764 |
|---|---|---|---|

☑ Unlimited    ☐ Limited
(Amount         (Amount
demanded       demanded is
exceeds $25,000)  $25,000 or less)

☐ Counter    ☐ Joinder

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties         d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2019

John M. Tomberlin, Jr., Esq.
(TYPE OR PRINT NAME)                                    ▶ _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

www.accesslaw.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Page 2 of 2

David P. Myers (SBN 206137)
Ann Hendrix (SBN 258285)
John M. Tomberlin, Jr. (SBN 810435)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Nicole Jarczewski

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 8 2019

BY _____
MELISSA WHITE, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NICOLE JARCZEWSKI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation, and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br>CIVDS1901724<br><br>1. **DISABILITY DISCRIMINATION**<br>2. **FAILURE TO ACCOMMODATE DISABILITY**<br>3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**<br>4. **RETALIATION (REQUESTING ACCOMMODATION)**<br>5. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**<br>6. **VIOLATION OF LABOR CODE § 1198.5**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

Plaintiff Nicole Jarczewski ("Plaintiff") brings this action against United Parcel Service, Inc., and other as of yet unnamed Defendants (collectively "Defendants") alleging, among other things, violations of the California Fair Employment and Housing Act and the California Labor Code. Plaintiff seeks damages, attorneys' fees and costs of suit.

///
///

## II. GENERAL ALLEGATIONS

1. This action is properly filed in this San Bernardino County judicial district as Defendants do business in San Bernardino County and their obligations and liability arise here.

2. Plaintiff is Defendants' employee and a resident of San Bernardino County, CA.

3. On information and belief, Defendant United Parcel Service, Inc. is an Ohio Corporation, registered to do business in California, and doing business in the San Bernardino County, California.

4. Plaintiff knows not the true names and capacities, whether individual, corporate, associate, or other, of DOES 1 through 10 and therefore sues DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when ascertained.

5. On information and belief, each of the acts and omissions alleged were performed by, or are attributable to, all Defendants, acting as agents or employees, or under the direction and control of the other Defendants, and the acts and failures to act were within the course and scope of said agency, employment, or direction and control. (In these pleadings, the word "or" between two or more alternatives shall not be interpreted as implying mutual exclusivity unless it is preceded by the word "either.") In information and belief, at all times relevant times Defendants were each other's agents.

6. Defendants operated as a joint employer or integrated enterprise with another defendant or other defendants and each such defendant is a jointly and severally liable employer. If a defendant acted as another defendant's *alter ego* such that there existed a unity and identity of interest between them that adherence to the legal fiction of separate existence would, under the circumstances that existed, would sanction fraud or promote injustice, it would be inequitable to not disregard such separateness of legal personality.

7. On information and belief, Defendants DOES 1 through 10 are the partners, owners, shareholders, or managers of Defendant Employer, and were acting on behalf of Defendant Employer in the payment of wages to Plaintiff.

///

///

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

### III.   FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

8.   Defendants began employing Plaintiff on about June 27, 2004.

9.   Defendants promoted Plaintiff to a driver position in about 2015. As a driver, Plaintiff was regularly required to work in excess of nine hours per day, for days at a time.

10. On about May 17, 2016, Plaintiff requested intermittent medical leave for her Rheumatoid Arthritis. Plaintiff periodically took leave for about one or two days per week. Plaintiff needed to take leave because the long hours caused her fatigue and Rheumatoid Arthritis flare ups.

11. On about September 14, 2016, Plaintiff provided Defendants a note from her doctor requesting she only work eight hours a day, and five days per week to accommodate her Rheumatoid Arthritis. Plaintiff gave her supervisor a copy of that note and faxed it, along with a completed accommodation form, to Defendant's corporate office. Defendant failed to accommodate the doctor's note restrictions and Plaintiff continued working the same hours she had, more than eight hours per day.

12. On about November 11, 2016, Plaintiff injured her back while working. Plaintiff took off work for the week following her injury to recover. When she returned to work, Plaintiff filed a worker's compensation claim and visited a clinic for her back injury.

13. Plaintiff's doctor placed her on light duty restrictions that included, but were not limited to: no heavy lifting; having an assistant in her truck to help her with lifting and other tasks on her route; and working shorter hours – approximately eight hours per day. Plaintiff worked with these restrictions for approximately two weeks.

14. On December 2, 2016, Plaintiff injured her shoulder at work for Defendants. Plaintiff finished her route after the injury and went home for the rest of the day.

15. Following the shoulder injury, Plaintiff was placed on Temporary Alternate Work light duty. Plaintiff performed various office tasks in the dispatch office and worked eight hours per day.

16. On about January 11, 2017, Plaintiff met with Martin Valdiviez, Defendant's Area Human Resources Manager, about her accommodations requested in September 2016. At this meeting, an individual from Defendant's corporate office was on speaker phone and asked Plaintiff about the Doctor's note and Plaintiff's doctor's responses to the

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1  accommodation form Plaintiff submitted with the note. On or about January 12, 2017,
2  Valdiviez sent Plaintiff an email stating that Defendants are unable to accommodate her.

3      17. On about January 28, 2017, Plaintiff's Temporary Alternate Work ended, and
4  she was placed on a leave of absence. Plaintiff remains on leave since that date. Plaintiff
5  has provided Defendants medical updates and been told to wait for an available position.

6      18. Plaintiff filed an administrative complaint with the Department of Fair
7  Employment and Housing ("DFEH"). On January 25, 2018, the DFEH issued Plaintiff a
8  right to sue letter, attached here as Exhibit A.

9      19. In about June 2018, Defendants told Plaintiff to contact Carmen in its Human
10  Resource Department to find an available position that would meet Plaintiff's medical
11  restrictions. Plaintiff made multiple calls to the number provided and was told she
12  received a wrong number. Plaintiff followed-up with Defendants' service center to verify
13  Carmen's contact information and Defendant's service center told her the phone number
14  for Carmen in Human Resources was accurate, and refused to help Plaintiff contact her.

15      20. In about July 2018, after multiple inquiries, Defendants gave Plaintiff contact
16  information for Tom Troup and told her she should contact him to discuss accommodations
17  for her return to work. After multiple calls and emails to Troup, Defendants arranged an
18  accommodation meeting with Plaintiff on about August 30, 2018.

19      21. On about August 30, 2018, Plaintiff attended a meeting with Al and Brenda
20  from Defendants Human Resources where they discussed in detail Plaintiff's work
21  restrictions. At this meeting, Defendants asked Plaintiff to get additional information
22  from her doctor and informed her Human Resources would diligently look for a position for
23  Plaintiff in the next six months.

24      22. After the meeting on about August 30, 2018, Plaintiff met with her doctor and
25  provided Defendants the requested information regarding her work restrictions. Plaintiff
26  made multiple inquiries to Defendants' Human Resources regarding her return to work
27  but to date has not received any update about her possible return or available positions.

28      23. On March 22, 2018, Plaintiff, through her representative, The Myers Law
29  Group, A.P.C (MLG), requested her personnel file from Defendant United Parcel Service,
30  Inc.. This request was sent certified mail return receipt requested to the UPS Ontario

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1 | Office at 3140 Jurupa St., Ontario, CA 91761. The letter requesting the personnel file is

2 | attached as Exhibit B.

3 |     24. The certified letter was received by Defendant United Parcel Service, Inc. on

4 | March 26, 2018 according to USPS tracking of the letter, but no certified mail receipt was

5 | received by Plaintiff. The USPS tracking log of the personnel file letter is attached as

6 | Exhibit C. To date, Defendants have not responded to Plaintiff's request.

7 |     25. As of the date of filing, Plaintiff has not received her personnel file as requested

8 | on March 22, 2018.

## FIRST CAUSE OF ACTION

### (Disability Discrimination – Govt. Code §12940(a))

### (Plaintiff against All Defendants)

12 |     26. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

13 |     27. At all relevant times, the Fair Employment and Housing Act ("FEHA") codified

14 | in Govt. Code §12900 *et seq.* was in full force and effect and makes it unlawful for an

15 | employer to discriminate against an employee because of the employee's disability.

16 |     28. Pursuant to Govt. Code §§ 12926 and 12926.1, Plaintiff is a disabled individual

17 | under the FEHA or has a record of physical disability, or was perceived as or treated as

18 | having a physical disability by Defendants.

19 |     29. Defendants violated FEHA with unlawful employment practices including, but

20 | not limited to, failing to accommodate Plaintiff on the basis of her disability or perceived

21 | disability, and forcing Plaintiff to take a leave of absence.

22 |     30. On information and belief, Plaintiff's disability was a motivating factor in

23 | Defendants' decision to force her on a leave of absence in violation of Govt. Code §12940(a).

24 |     31. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and

25 | continues to sustain substantial losses in earnings and other employment benefits in

26 | amounts to be proved trial.

27 |     32. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered

28 | emotional distress and other general damages, in amounts to be proved trial.

29 |     33. Per Code of Civil Procedure ("CCP") §1060, Plaintiff requests the Court issue a

30 | judicial determination the Parties' rights and duties. A judicial declaration is necessary

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1  and appropriate to make Defendants aware of their legal obligation to not engage in

2  discriminatory practices. Plaintiff is entitled to declaratory relief and an award of

3  reasonable attorney's fees and costs under Govt. Code § 12965(b). *Harris v. City of Santa*

4  *Monica*, 56 Cal. 4th 203, 241 (Cal. 2013).

5      34. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's

6  rights, with full knowledge of their unlawfulness, and intending to deprive her of rights

7  guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful,

8  malicious, oppressive, or reckless conduct. Defendants' conduct was engaged in or ratified

9  by their officers, directors, or managing agents.

10      35. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses

11  in amounts to be proved trial.

**SECOND CAUSE OF ACTION**

**(Failure to Accommodate Disability – Govt. Code §12940(m))**

**(Plaintiff against All Defendants)**

15      36. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

16      37. Govt. Code §12940(m) makes it is unlawful for an employer to fail to make a

17  reasonable accommodation for the known disability or perceived disability of an employee.

18      38. Defendants failed to make a reasonable accommodation for Plaintiff's known or

19  perceived disability.

20      39. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and

21  continues to sustain substantial losses in earnings and other employment benefits in

22  amounts to be proved trial.

23      40. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered

24  emotional distress and other general damages, in amounts to be proved trial.

25      41. Per CCP §1060, Plaintiff requests the Court issue a judicial determination the

26  Parties' rights and duties. A judicial declaration is necessary and appropriate to make

27  Defendants aware of their legal obligation to not engage in discriminatory practices.

28  Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and

29  costs under Govt. Code § 12965(b). *Id.*

30      42. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was engaged in or ratified by their officers, directors, or managing agents.

43. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in amounts to be proved trial.

### THIRD CAUSE OF ACTION

### (Failure to Engage in the Interactive Process - Govt. Code §12940(n))

### (Plaintiff against All Defendants)

44. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

45. Govt. Code §12940(n) makes it unlawful for employers to fail to engage in a timely, good faith, interactive process with employees to determine effective reasonable accommodations, if any.

46. Defendants failed to engage in the interactive process with Plaintiff in order to accommodate Plaintiff's disability or perceived disability.

47. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in amounts to be proved trial.

48. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in amounts to be proved trial.

49. Per CCP §1060, Plaintiff requests the Court issue a judicial determination the Parties' rights and duties. A judicial declaration is necessary and appropriate to make Defendants aware of their legal obligation to not engage in discriminatory practices. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under Govt. Code § 12965(b). *Id.*

50. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff suffered in excess of eighty thousand dollars in damages and is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was engaged in or ratified by their officers, directors, or

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1  managing agents.

2      51. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses
3  in amounts to be proved trial.

4                    ### FOURTH CAUSE OF ACTION

5              **(Retaliation – Govt. Code §12940(m)(2))**

6                **(Plaintiff against All Defendants)**

7      52. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

8      53. Plaintiff engaged in the protected activities of, but not limited to, requesting a
9  reasonable accommodation for a disability.

10     54. Defendants retaliated in violation of FEHA by engaging in unlawful
11 employment practices including, but not limited to, refusing to accommodate Plaintiff on
12 the basis of disability or perceived disability, and forcing Plaintiff on a leave of absence.

13     55. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and
14 continues to sustain substantial losses in earnings and other employment benefits in
15 amounts to be proved trial.

16     56. As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered
17 emotional distress and other general damages, in amounts to be proved trial.

18     57. Per CCP §1060, Plaintiff requests the Court issue a judicial determination the
19 Parties' rights and duties. A judicial declaration is necessary and appropriate to make
20 Defendants aware of their legal obligation to not engage in discriminatory practices.
21 Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and
22 costs under Govt. Code § 12965(b). *Id.*

23     58. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's
24 rights, with full knowledge of their unlawfulness, and intending to deprive her of rights
25 guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful,
26 malicious, oppressive, or reckless conduct. Defendants' conduct was engaged in or ratified
27 by their officers, directors, or managing agents.

28     59. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses
29 in amounts to be proved trial.

30 ////

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91780

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Retaliation – Govt. Code §12940(k))
### (Plaintiff against All Defendants)

60. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

61. To Plaintiff's knowledge, no meaningful or adequate disciplinary action has been taken against any employees who discriminated, or retaliated against Plaintiff.

62. In violation of Govt. Code §12940(k), Defendants, their agents, or employees, failed to take all reasonable steps necessary to prevent and investigate unlawful discrimination or retaliation and to remedy such discrimination or retaliation.

63. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in amounts to be proved trial.

64. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in amounts to be proved trial.

65. Per CCP §1060, Plaintiff requests the Court issue a judicial determination the Parties' rights and duties. A judicial declaration is necessary and appropriate to make Defendants aware of their legal obligation to not engage in discriminatory practices. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under Govt. Code § 12965(b). *Id*.

66. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was engaged in or ratified by their officers, directors, or managing agents.

67. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in amounts to be proved trial.

///
///
///
///

## SIXTH CAUSE OF ACTION

### (Failure to Provide Personnel File-California Labor Code § 1198.5)

### (Against All Defendants)

68. Plaintiff restates and incorporates all allegations in paragraphs 1-25 above.

69. California Labor Code §1198.5 states:

"Upon a written request from a current or former employee, or his or her representative, the employer shall...provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request.

The employer shall do all of the following...With regard to former employees, make a former employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof, at the location where the employer stores the records, unless the parties mutually agree in writing to a different location. A former employee may receive a copy by mail if he or she reimburses the employer for actual postal expenses."

70. It has been more than 30 days since Defendant received Plaintiff's written request on March 22, 2018.

71. A employer failing to permit a current or former employee, or their counsel, to inspect and copy personnel records within the times specified by §1198.5, or times agreed to by mutual agreement, is liable to the current or former employee or the Labor Commissioner for a penalty of seven hundred fifty dollars ($750).

72. A current or former employee may also bring an action for injunctive relief to obtain compliance with §1198.5 and may recover costs and reasonable attorney's fees in such an action.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For compensatory and general damages in an amount according to proof;

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

3. For past and future lost income and benefits;

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief;

7. For an award of reasonable attorneys' fees, costs, and interest pursuant to Code of Civil Procedure §1021.5, Govt. Code §12940 et seq., Labor Code §1198.5, and all other applicable law; and

8. For such other and further relief as this Court deems just and proper.

Dated: January 17, 2018                        THE MYERS LAW GROUP, A.P.C.


By: _John Tomberl._____

David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
Attorneys for Plaintiff Nicole Jarczewski

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

January 25, 2018

Justin Crane
9327 Fairway View Place, Suite 100
Rancho Cucamonga, California 91730

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201801-00945025
      Right to Sue: Jarczewski / United Parcel Service, Inc.

Dear Justin Crane:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                  GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 25, 2018

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 201801-00945025
Right to Sue: Jarczewski / United Parcel Service, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 984-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

January 25, 2018

Nicole Jarczewski
3681 Cranford Ave. 1
Riverside, California 92507

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201801-00945025
Right to Sue: Jarczewski / United Parcel Service, Inc.

Dear Nicole Jarczewski,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 25, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5    Nicole Jarczewski                                    DFEH No. 201801-00945025

6
                                Complainant,

7    vs.

8    United Parcel Service, Inc.
     55 Glenlake Parkway NE
9    Atlanta, Georgia 30328

10
                                Respondent.

11   ─────────────────────────────────

12   1. Respondent **United Parcel Service, Inc.** is an **employer** subject to suit under
     the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
13   seq.).

14   2. Complainant **Nicole Jarczewski**, resides in the City of **Riverside** State of
15   **California.**

16   3. Complainant alleges that on or about **January 27, 2017**, respondent took the
     following adverse actions:
17

18   **Complainant was discriminated against** because of complainant's family care or
     medical leave (cfra), disability (physical or mental), other and as a result of the
19   discrimination was terminated, denied a work environment free of discrimination
     and/or retaliation, denied any employment benefit or privilege, denied reasonable
20   accommodation for a disability, denied family care or medical leave (cfra), other.

21   **Complainant experienced retaliation** because complainant reported or resisted
22   any form of discrimination or harassment, requested or used california family rights
     act or fmla, requested or used a disability-related accommodation and as a result
23   was terminated, forced to quit, denied a work environment free of discrimination
     and/or retaliation, denied any employment benefit or privilege, denied reasonable
24   accommodation for a disability, denied family care or medical leave (cfra).

25

26
                                -1-
27              *Complaint – DFEH No. 201801-00945025*

28   Date Filed: January 25, 2018

1   **Additional Complaint Details:** Claimant began working for Respondent on June
2   27, 2004. In 2015, Claimant was promoted to a permanent driver position. On
    September 14, 2016, Claimant's doctor requested an accommodation for her
3   disabilities to have a work shift of a maximum of 9.5 hours per day. The
    accommodation was not granted and Claimant suffered further physical injuries. On
4   January 12, 2017, Claimant was informed that her requested accommodations were
    denied. On January 27, 2017, Plaintiff was forced to take a leave of absence and
5   has not been returned to work.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   -2-
                             *Complaint – DFEH No. 201801-00945025*

28   Date Filed: January 25, 2018

1 | VERIFICATION

2 | I, **Justin M. Crane**, am the **Attorney** in the above-entitled complaint. I have read the
3 | foregoing complaint and know the contents thereof. The matters alleged are based
on information and belief, which I believe to be true.

4

5 | On January 25, 2018, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

6 |                   **Rancho Cucamonga, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-
*Complaint – DFEH No. 201801-00945025*

27

28 | Date Filed: January 25, 2018



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 17, 2019

Justin Crane
9327 Fairway View Place, Suite 100
Rancho Cucamonga, California 91730
Morgan Good
9327 Fairway View Place Suite 100
Rancho Cucamonga, California 91730

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201801-00945025
      Right to Sue: Jarczewski / United Parcel Service, Inc.

Dear Justin CraneMorgan Good:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Nicole Jarczewski                                                    DFEH No. 201801-00945025

                              Complainant,

vs.

United Parcel Service, Inc.
55 Glenlake Parkway NE
Atlanta, GA 30328

                              Respondents
_____

1. Respondent **United Parcel Service, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Nicole Jarczewski**, resides in the City of **Riverside** State of **California.**

3. Complainant alleges that on or about **January 17, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other and as a result of the discrimination was terminated, denied hire or promotion, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related

Date Filed: January 25, 2018
Date Amended: January 17, 2019

accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, forced to quit, denied hire or promotion, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied or forced to transfer.

**Additional Complaint Details:** Respondents employed Claimant starting on or about June 27, 2004.

Claimant was promoted to a driver position in or about 2015. As a driver, Claimant was regularly required to work in excess of nine hours per day, multiple days in a row.

On or about May 17, 2016, Claimant requested intermittent medical leave for Claimant's Rheumatoid Arthritis. Claimant would periodically take leave for approximately one or two days per week. Claimant needed to take leave because the long hours caused Claimant fatigue and flare ups of her Rheumatoid Arthritis.

On or about September 14, 2016, Claimant provided Respondents with a note from her doctor requesting that Claimant only work eight hours per day, five days per week to accommodate Claimant's Rheumatoid Arthritis. Claimant gave a copy of this note to her supervisor and faxed the note, along with a completed accommodation form, to Respondent's corporate office. Respondents failed to accommodate Claimant as requested in her doctor's note and Claimant continued working the same hours she had, more than eight hours per day.

On or about November 11, 2016, Claimant injured her back while working. Claimant took off work for the week following her injury to recover. When Claimant returned to work, Claimant filed a worker's compensation claim and visited a clinic for her back injury.

The doctor placed Claimant on light duty restrictions. Claimant's restrictions included, but were not limited to: no heavy lifting; having an assistant in her truck to help Claimant with lifting and other tasks on Claimant's route; and working shorter hours, approximately eight hours per day. Claimant worked with these restrictions for approximately two weeks.

On or about December 2, 2016, Claimant injured her shoulder while working for Respondents. Claimant was able to finish her route after the injury, then Claimant went home for the rest of the day.

Following the shoulder injury, Claimant was placed on Temporary Alternate Work light duty. Claimant performed various office tasks in the dispatch office and worked eight hours per day.

On or about January 11, 2017, Claimant met with Respondent's Area Human Resources Manager Martin Valdiviez about the accommodations Claimant had requested in or about September 2016. At this meeting, an individual from

-2-
*Complaint – DFEH No. 201801-00945025*

Date Filed: January 25, 2018
Date Amended: January 17, 2019

1 │ Respondent's corporate office was on speaker phone and asked Claimant about the Doctor's note and Claimant's doctor's responses to the accommodation form

2 │ Claimant submitted with the note. On or about January 12, 2017, Valdiviez sent Claimant an email stating that Respondents are unable to accommodate Claimant.

3 │ On or about January 28, 2017, Claimant's Temporary Alternate Work ended, and

4 │ Claimant was placed on a leave of absence. Claimant has remained on leave since this date. Claimant has provided Respondents with medical updates and was told to

5 │ wait for an available position.

6 │ In or about June 2018, Respondents told Claimant to contact Carmen in Respondents Human Resources about finding Claimant an available position that

7 │ would meet her medical restrictions. Claimant made multiple calls to the number provided and was told that she had been given the wrong number. Claimant

8 │ contacted Respondent's service center to ask for the correct contact information and Respondent's service center told Claimant she was given the correct contact

9 │ information for Carmen in Human Resources and refused to help Claimant contact her.

10 │ In or about July 2018, after multiple inquiries, Claimant was given contact

11 │ information for Tom Troup and was told that she should contact him to discuss accommodations for her return to work. After multiple calls and emails to Troup,

12 │ Respondents arranged a meeting with Claimant on or about August 30, 2018 to discuss possible accommodations for Claimant.

13 │ On or about August 30, 2018, Claimant attended a meeting with Al and Brenda from

14 │ Respondents Human Resources where Claimant discussed in detail her work restrictions.  At this meeting, Claimant was asked to get additional information from

15 │ her doctor and was informed that Human Resources would be diligently looking for a position for Claimant in the next six months.

16 │ After the meeting on or about August 30, 2018, Claimant met with her doctor and provided Respondents with the requested information regarding her work

17 │ restrictions.  Claimant made multiple inquiries to Respondent's Human Resources

18 │ regarding her return to work but has not received any information about her possible return or available positions.

19

20

21

22

23

24

25

26

27 │ -3-
   │ *Complaint – DFEH No. 201801-00945025*

28 │ Date Filed: January 25, 2018
   │ Date Amended: January 17, 2019

VERIFICATION

I, **Morgan J. Good**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 17, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Barbara, California**

-4-
*Complaint – DFEH No. 201801-00945025*

Date Filed: January 25, 2018
Date Amended: January 17, 2019

# EXHIBIT B

9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Tel: 909-919-2027
Fax: 888-375-2102
www.myerslawgroup.com

# M | L | G
### THE MYERS LAW GROUP

March 22, 2018

*VIA CERTIFIED MAIL RETURN RECEIPT REQUETED*

UPS Ontario
Attn: President and Human Resources
3140 Jurupa St.
Ontario, CA 91761

      RE:   Demand for Personnel File

To Whom It May Concern:

     I am writing on behalf of Nicole Jarczewski as it relates to her employment with UPS Ontario ("Company"). Nicole Jarczewski is a current client of The Myers Law Group, A.P.C. Ms. Jarczewski requests that the Company provide her with the records described below in this letter. To this end, Ms. Jarczewski has retained and authorized the Myers Law Group and the undersigned to arrange for the inspection and/or production of the employment and payroll documents as permitted under the applicable authorities set forth below. An authorization has been enclosed for your reference. Pursuant to the authorities set forth herein, we ask that you contact us regarding how the Company intends to provide access to the requested records.

## A. Requested Records & Applicable Authorities

### 1. Request for Copy of Personnel File (California Labor Code § 1198.5)

     Ms. Jarczewski requests, pursuant to Labor Code § 1198.5, that all records which UPS Ontario "maintains relating to [my client's] performance or to any grievance concerning the employee . . ." be transmitted to my office.

     Labor Code §1198.5 is broadly written to allow current and former employees to obtain a copy of their personnel files. Labor Code §1198.5 provides that current and former employees have the right not only to view the contents of the personnel file, but also to receive a copy of the contents on request, provided they pay the actual cost of copying. The personnel file documents must be produced regardless of where they are located. Labor Code §1198.5 provides that an employee can designate a representative to conduct the inspection of, or to receive a copy of, the employee's personnel file, provided that the representative is authorized, in writing, by the employee to inspect, or receive a copy of, his or her personnel records.

1



Labor Code § 1198.5 provides, in pertinent part, that an employer must be produce all personnel records: (1) "relating to the employee's performance" and (2) those relating to "any grievance concerning the employee." These categories, however, have been broadly interpreted to include documents such as applications for employment, payroll authorization forms; notices of commendation, warning, discipline, and/or termination; notices of layoff, leave of absence, and vacation; notices of wage attachment or garnishment; education and training notices and records; performance appraisals/reviews; and attendance records.

In accordance with her rights under Labor Code §1198.5, Ms. Jarczewski, hereby, requests that the Company provide her counsel, the undersigned, with a copy of her personnel file, including all documents relating to her performance or to any grievance made by or against her, spanning from the date of hire through the date of this letter.

Labor Code §1198.5 provides that failure to promptly comply with the above demand may result in a seven hundred fifty dollar ($750) penalty and may result in this office bringing an action for injunctive relief to ensure compliance, entitling this office to an award of costs and reasonable attorney's fees.

### 2. Request for Signed Instruments (California Labor Code §432)

Ms. Jarczewski, hereby, requests that the Company produce all written instruments that she signed relating to her employment with the Company, pursuant to Labor Code §432, which provides that, if "an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument **upon request**." (Emphasis added.)

Ms. Jarczewski is aware of, and is, hereby, seeking all documents she has signed relating to her employment, including, but not limited to, any declarations, statements, and/or questionnaires, she has signed.

### 3. Request for Itemized Payroll Records (California Labor Code §226(b))

Ms. Jarczewski, hereby, requests that the Company provide her with all of her payroll records to which she is entitled under Labor Code §226(b). The records shall include all records, beginning from the date of hire through today, and including any payroll records and records of compensation subsequent to his termination.

Pursuant to Labor Code §226(b), the Company is required to permit Ms. Jarczewski to inspect and/or copy all payroll records pertaining to her employment with the Company. Pursuant to Labor Code §226(b), the Company must comply with this Information Request, as soon as practicable, but no later than 21 calendar days from the date of this request. A failure by an employer to permit my client to inspect or copy her

2



payroll records within the aforementioned 21 calendar day period entitles her to bring suit under Labor Code § 226, subdivisions (c) and (f).

The Company is required to keep accurate payroll records on each employee, and such records must be made readily available for inspection by the employee upon reasonable request. Labor Code § 226(a) provides that the employer must print ALL of the following information on your pay check stub: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Labor Code § 226 provides that failure to promptly comply with the above demand may result in a seven hundred fifty dollar ($750) penalty and may result in this office bringing an action for injunctive relief to ensure compliance, entitling this office to an award of costs and reasonable attorney's fees.

### 4. Request for Payroll, Meal Period and Time Records (Industrial Wage Order)

My client hereby requests that the Company provide her with all of her payroll records to which she is entitled under the applicable California Wage Order which provides:

(A) Every employer shall keep accurate information with respect to each employee including the following:
(1) Full name, home address, occupation and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.



THE MYERS LAW GROUP
A Professional Corporation

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

[...]

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

**B.  Employment Records Authorization & Arrangements for Production/Inspection**

I have enclosed my client's signed Employment Records Authorization in connection with this request. If you have any questions or concerns about the subject matter of any of these requests, please feel free to contact me at (909) 919-2027. Please advise my office at your soonest convenience as to the manner and means by which we can facilitate the inspection of the requested documents. I ask that you advise me within five (5) business days from the date of receipt of this letter as to whether you will be requesting an accommodation for additional time to comply with any of the foregoing requests as may be permitted by law. All documents produced by mail should be directed to my attention at the Myers Law Group, located at 9327 Fairway View Place - Suite 100 - Rancho Cucamonga, CA 91730.

In lieu of inspection at your premises, I would suggest that all documents simply be produced at my office under the time limits prescribed under the applicable laws.

Thank you,

THE MYERS LAW GROUP, A.P.C.

David P. Myers, Esq.
*Attorneys for Nicole Jarczewski*

4

## EMPLOYMENT RECORDS AUTHORIZATION

To: Custodian of Records and All Authorized Company Representatives

I, Nicole Jarczewski, hereby authorize you to release and furnish to my counsel, The Myers Law Group (hereafter "MLG"), copies of all the documents requested by and through the foregoing information request, whether by the production of the document or by an arrangement for the inspection of the requested records. I further authorize the MLG to act on my behalf in making any and all arrangements for the delivery, inspection, payment and copying of the requested documents.

Signed on March 6, 2018

Nicole Jarczewski

# EXHIBIT C

5/14/2018                                      USPS.com® - USPS Tracking® Results

ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS. TO CO...

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70160750000061229912                          Remove ✕

Your item was delivered to an individual at the address at 12:59 pm on March 26, 2018 in
ONTARIO, CA 91761.

## ⊘ Delivered

March 26, 2018 at 12:59 pm
Delivered, Left with Individual
ONTARIO, CA 91761

---

### Tracking History                                                 ⌃

**March 26, 2018, 12:59 pm**
Delivered, Left with Individual
ONTARIO, CA 91761
Your item was delivered to an individual at the address at 12:59 pm on March 26, 2018 in ONTARIO, CA
91761.

**March 26, 2018**
In Transit to Next Facility

**March 25, 2018**
In Transit to Next Facility

**March 24, 2018, 2:05 pm**
Departed USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

**March 24, 2018**
In Transit to Next Facility

**March 23, 2018, 8:23 pm**
Arrived at USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

---

**Product Information**                                                    ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**The easiest tracking number is the one you don't have to know.**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

Nicole Jarczewski, an individual

Case No. _____ CIVDS1901764

vs.

**CERTIFICATE OF ASSIGNMENT**

United Parcel Sevice, Inc., an Ohio Co

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | _____ |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

7903 Elm Ave 074

| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS |
|---|---|

Rancho Cucamonga, CA, 91730

| (CITY) | (STATE) | (ZIP CODE) |
|---|---|---|

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

January 17, 2019 _____ at Rancho Cucamonga _____ , California

_____
Signature of Attorney/Party

SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                CASE NO: CIVDS1901764

    THE MYERS LAW GROUP
    9327 FAIRWAY VIEW PLACE
    STE 100
    RANCHO CUCAMONGA CA 91730
                        NOTICE OF TRIAL SETTING CONFERENCE


IN RE: JARCZEWSKI-V-UNITED PARCEL SERVICE, INC.

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

         HEARING DATE: 07/19/19 at  8:30 in Dept. S31


DATE: 01/18/19  Nancy Eberhardt, Court Executive Officer
                                        By: ASHLEE BAYLESS
------------------------------------------------------------------------
------------------------------------------------------------------------
                  CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice.
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/18/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/18/19 at San Bernardino, CA

                              BY: ASHLEE BAYLESS